IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES ALBERT, DA-5321, )
    Petitioner, )
     )
    v. ) 2:10-cv-1711
     )
DA ROBERT COLVILLE, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    James Albert, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 as a successive petition.

    Albert is presently service a ten to twenty year sentence imposed follow his conviction, by a jury of robbery, theft of movable property and recklessly endangering another person at No. CC7603142 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 20, 1976.[1]

    The instant petition was received in this Court on December 21, 2010. However, this is not the first federal challenge which Albert has filed here. In CA 92-1092 executed on March 30, 1992 he also sought to challenge this conviction.[2] In the latter case, in a Report and Recommendation filed on October 2, 1992, the Magistrate Judge observed that as a result of his escape from custody the conclusion of the state courts that he had failed to timely exhaust his state court remedies was correct; that he had procedurally defaulted in exercising his independent and adequate state court remedies; that escape did not constituted a valid grounds for waiving the exhaustion requirement; that no fundamental miscarriage of justice had occurred and that the petition was therefore subject to dismissal. The recommendation was adopted as the opinion of

---

[1] See: Petition at ¶¶1-6.
[2] We note that in Civil Action 92-1092 the petition was filed under the name of "James Albert Holland". However, we also note that the petition filed in the latter case also sought to challenge the same conviction and imposed sentence, thus leading to the conclusion that this is a successive petition.

1

the Court on October 28, 1992 and the petition was dismissed. On June 8, 1993 the Court of Appeals denied a certificate of probable cause and on October 12, 1993 a writ of certiorari was denied by the United States Supreme Court.[3]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, the petition will be transferred to the United State Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

An appropriate Order will be entered.

---

[3] See: Western District of Pennsylvania Docket Sheet 2:92-cv-1092.

ORDER

AND NOW, this 3rd day of January 2011, for the reasons set forth in the foregoing Memorandum, the petition of James Albert for a writ of habeas corpus is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

s/ Robert C. Mitchell<br>
United States Magistrate Judge